CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 01 2010

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN W. STEWART, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUSH LOAMS, et al., )<br>Defendants. ) | Civil Action No. 7:10-cv-00450<br><br>MEMORANDUM OPINION<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff John W. Stewart, a Virginia inmate[1] proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not submit payment for the $350 filing fee with his complaint. See 28 U.S.C. § 1914(a). Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See, e.g., Stewart v. Hooke, et al., No. 2:98-cv-00714, slip op. (E.D. Va. Dec. 3, 1999) (dismissing action after amendment for failing to state a claim upon which relief may be granted); Stewart v. Herring, et al., No. 7:98-cv-00227, slip op. at 4 (W.D. Va. Apr. 9, 1998) (dismissing action sua sponte because plaintiff's meritless complaint failed to state any claim that implicated a constitutional or federal right); Stewart v. Smith, et al., No. 7:90-cv-00136, slip op. at 8 (W.D. Va. Nov. 29, 1990) (granting summary judgment for failing to state a claim upon which relief may be granted because plaintiff "has stated no claims for constitutional relief"), aff'd No. 91-6757 (4th Cir. July 9, 1991), available at 1991 U.S. App. LEXIS 14271, 1991 WL 120317 (finding the appeal to be meritless and affirmed for reasons stated by district court); Stewart v. Shiflett, et al., No. 5:88-cv-00140, slip op. at 2-3 (W.D. Va. May 30, 1989) (granting summary judgment for failing to state a claim upon which relief may be granted because plaintiff's claim "does not rise to

---

[1]Plaintiff indicates that his three state inmate numbers are or have been 1053520, 221797, and 117164.

a level of a constitutional deprivation"). See also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (defining frivolousness as "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless"); McLean v. United States, 566 F.3d 391, 401 (4th Cir. 2009) (dismissals of complaints that lack merit should be penalized with a strike although dismissal without prejudice of unmeritorious complaint should not be encouraged); Altizer v. Deeds, 191 F.3d 540, 545 (4th Cir. 1999) (collecting out-of-circuit cases that relied upon pre-PLRA dismissals in three-strikes analyses).

In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), plaintiff must submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Accordingly, the court denies plaintiff's implied request to proceed in forma pauperis and dismisses the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action and the court is not required to permit plaintiff an opportunity to pay the filing fee when in forma pauperis provisions do not apply).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This _____ day of November, 2010.

_____
Senior United States District Judge